**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILLIA B. PADILLA; PHOTO CHEM ETCH CORPORATION,<br><br>      Plaintiffs-Appellants,<br><br> v.<br><br>SOVEREIGN BANK, a foreign corporation; SANTANDER BANK, N.A., FKA Sovereign Bank, N.A.,<br><br>      Defendants-Appellees. | No. 20-55953<br><br>D.C. No.<br>2:19-cv-10753-JFW-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 30, 2021[**]
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and MÁRQUEZ,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Plaintiffs-Appellants Lillia Padilla and Photo Chem Etch Corporation (collectively, Padilla) brought suit against Defendant-Appellee Sovereign Bank and associated entities (collectively, Sovereign Bank) for an alleged violation of Padilla's constitutional rights pursuant to 42 U.S.C. § 1983. The district court granted Sovereign Bank's motion to dismiss, concluding that Sovereign Bank was not acting under color of state law. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **AFFIRM** the decision of the district court.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citations omitted). No party claims that Sovereign Bank is a state actor. However, Padilla alleges that Sovereign Bank's use of state judicial process and the Los Angeles County Sheriff's Department to enforce a state court judgment constituted state action for the purposes of § 1983.

We "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "Nonetheless, we recognize at least four different criteria, or tests,

2

used to identify state action" performed by a private entity: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal quotation marks omitted).

Padilla's claim plainly does not meet the requirements of the public function, governmental compulsion, or governmental nexus tests. As to public function, there is no allegation that Sovereign Bank was "endowed by the State [of California] with powers or functions governmental in nature." *Id.* at 1093 (citation omitted). Additionally, Sovereign Bank initiated the underlying state court suit and requested a writ of execution on its own initiative. Thus, there is no indication that California encouraged Sovereign Bank to bring the suit, precluding governmental compulsion. *See id.* at 1094. Finally, although the governmental nexus test is "the most vague of the four approaches," Padilla's allegations do not show that Sovereign Bank's "'seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* at 1094–95 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *cf. id.* at 1095 (holding that a court-appointed guardian for a minor was not subject to § 1983 liability even though "the guardian is appointed by a state actor, is paid by the state, and is subject to regulation by state law").

Padilla's allegations also do not show that Sovereign Bank's actions meet the requirements of the joint action test. "Under the joint action test, we consider

3

whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Id.* at 1093 (internal quotation marks omitted). In an analogous context, we have held that "the fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action." *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989). A number of district courts, including the district court in this case, have applied our ruling in *Harper* to hold that use of state judicial process does not constitute state action. *See, e.g.*, *Gatpandan v. Wilmington Sav. Fund Soc'y FSB*, No. 17-cv-04001-LB, 2017 WL 5751208, at *2 (N.D. Cal. Nov. 28, 2017).

Padilla's attempt to compare her case to *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994), is unavailing, as the plaintiff in *Jordan* also claimed that the state procedures were unconstitutional. *See id.* at 1267; *cf. Brobst v. Brobst*, No. 16-4051, 2018 WL 3032856, at *8 (E.D. Pa. June 19, 2018) (distinguishing *Jordan* when the plaintiffs did "not challenge[] the legality of the Pennsylvania statutes or Rules at issue"). Padilla "alleged only misuse or abuse of" California's judicial process, but has not "challenged the constitutionality of" California's procedures. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 942 (1982).

4

"[M]ere invocation of state legal procedures" does not "constitute[] 'joint participation' or 'conspiracy' with state officials satisfying the § 1983 requirement of action under color of law." *Id.* at 939 n.21 (some internal quotation marks omitted). Because Padilla does not show that Sovereign Bank operated under color of state law, we affirm the district court's decision to dismiss Padilla's complaint.[1]

**AFFIRMED.**

---

[1] Because we affirm based on lack of state action pursuant to § 1983, we need not reach the issue of whether Padilla's apparent violation of the district court's local rules constituted grounds for dismissal of her complaint, or Sovereign Bank's argument that we should affirm based on the *Rooker-Feldman* doctrine.